The General Assembly, at its session of 1835, by an act duly passed, made it the duty of the Governor to convey to the Justices of Haywood county, certain lands, therein described, commonly called the Cherokee lands, remaining unsold within the limits of the county; they, said justices, complying with certain terms therein required. With a further provision, that the said justices should dispose of said lands for the use and benefit of said county, and the mode of doing so.
On the 10th of January, 1837, his Excellency, Edward B. Dudley, the Governor of the State, by deed reciting this act of Assembly, and reciting also, that it had been made to appear to him by the certificate of the public Treasurer, that the conditions required by the act had been complied with, did "give and grant unto the said justices of Haywood county in trust for the said county, any tracts of land, commonly called *Page 513 
Cherokee lands, remaining unsold within the limits of the said county."
At a County Court of Haywood county, held on 19th of October, 1836, a majority of the justices being present, several orders and resolutions were adopted relative to the sale and disposition of the lands granted by the said act, among others, was one appointing "a commissioner with power to dispose of said lands according to the act of Assembly on the subject of Cherokee lands," and further, as follows:
"Resolved, That the commissioner shall close all his business in three months from the date of his commission, and that his appointment shall cease at that time."
Another resolution of the Court at the same time provided as follows:
"Resolved, That at the expiration of three months, the commissioner shall pay over to the clerk of the county court, or county trustee, or to one appointed for the purpose, all money in his hands, received for said lands."
The Court then proceeded to appoint "Ninian Edmonston commissioner, to dispose of the Cherokee lands, who gave bond and security for his performance in office."
Mr. Edmonston proceeded to act under this authority, and having sold to Isaac Sellars, the land in question, gave him this certificate: "I certify, that agreeably to an act of the General Assembly of the State, entitled "An act prescribing the mode of surveying and selling the lands lately acquired by purchase from the Cherokee Indians," Isaac Sellars was the purchaser of section No. 19, in district 2, bounded as follows: (describing it,) containing sixty-two acres, represented by the above plat. Witness my hand, this 22d of December, 1836. (Signed) N. EDMONSTON, Commissioner."
On the 19th day of February, 1840, Ninian Edmonston and John Killian, reciting the act of 1835, and the grant of the Governor to the Justices of Haywood, and reciting "whereas, the justices of the said county, c., did "at the October session, 1836, appoint Ninian Edmonston and John Killian, commissioners to sell and convey said lands," and *Page 514 
that they two did make public auction thereof, and that Isaac Sellars became the highest bidder for the land in question, and did pay the said purchase money, they as commissioners did make and deliver to the said Isaac Sellars, a deed in fee-simple, for the said land.
Sellars entered, and conveyed to the lessor of the plaintiff, and the question is whether the deed to him is sufficient to pass the land. His Honor intimated an opinion that it was not sufficient, where upon, the plaintiff submitted to a nonsuit and appealed.
We concur with his Honor in the conclusion that the plaintiff failed to show title in his lessor. The grant executed by the Governor, in pursuance of the act of Assembly, passed in 1835, vested the title of the land in the justices of the county of Haywood; and if we supposed that the deed of thecommissioner, provided it had been executed within the three months, to which his authority was limited, would have had the effect, in law, to pass the title out of them, still, there is no ground upon which such effect can be given to a deed, executed by him three years after his authority and powers, as commissioner, had expired. So, his deed under which the plaintiff claims, was inoperative for the want of power. The title is still in the justices of the county of Haywood; and we may be at liberty to suggest that the defects of title of this, and other like cases, can only be cured by an act of the Legislature, providing some mode in which the title may be passed.
PER CURIAM, Judgment affirmed. *Page 515